**Fill in this information to identify the case:**

Debtor 1 Vernon Renner Fischer dba VRF Architect

Debtor 2 Lynne R. Schmehl-Fischer
(Spouse, if filing)

United States Bankruptcy Court for the: MIDDLE District of Pennsylvania
(State)

Case number 21-02347-HWV

Official Form 410C13-NR

# Response to Trustee's Notice of Disbursements Made

**12/25**

**The claim holder must respond to the Trustee's Notice of Payments Made within 28 days after it was served. Rule 3002.1(g)(3).**

## Part 1: Mortgage Information

**Name of claim holder:** **PNC Bank National Association**

**Court claim no.** (if known): 8

**Last 4 digits** of any number you use to identify the debtor's account: 5471

**Property address:**
**403 Poplar St**
Number Street
**Richland PA 17087**
City State ZIP Code

## Part 2: Arrearages

The total amount received to cure any arrearages as of the date of this response: $ 596.52 (The trustee incorrectly listed the incorrect amount of $118,016.74 on the Notice).

*Check all that apply:*

☒ The amount required to cure any prepetition arrearage has been paid in full.

☐ The amount required to cure the prepetition arrearage has not been paid in full. Amount of prepetition arrearage remaining unpaid as of the date of this response: $ _________________.

☐ The amount required to cure any postpetition arrearage has been paid in full.

☐ The amount required to cure the postpetition arrearage has not been paid in full. Amount of postpetition arrearage remaining
unpaid as of the date of this response: $ _________________.

| Part 3: | **Postpetition Payments** |
|---|---|

(a) *Check all that apply:*

☒ The debtor is current on all postpetition payments, including all fees, charges, expenses, escrow, and costs.

☐ The debtor is not current on all postpetition payments. The claim holder asserts that the debtor is obligated for the postpetition payment(s) that first became due on: __/__/__.

☐ The debtor has fees, charges, expenses, negative escrow amounts, or costs due and owing.

(b) The claim holder attaches a payoff statement and provides the following information as of the date of this response:

| | |
|---|---|
| i. Date last payment was received on the mortgage: | 08 / 13 / 2026 |
| ii. Date next postpetition payment from the debtor is due: | 10 / 01 / 2026 |
| iii. Amount of the next postpetition payment that is due: | $ 596.52 |
| iv. Unpaid principal balance of the loan: | $ 102,102.65 |
| v. Additional amounts due for any deferred or accrued interest: | $ 0.00 |
| vi. Balance of the escrow account: | $ 0.00 |
| vii. Balance of unapplied funds or funds held in a suspense account: | $ 187.92 |
| viii. Total amount of fees, charges, expenses, negative escrow amounts, or costs remaining unpaid: | $ 0.00 |

| Part 4 | **Itemized Payment History** |
|---|---|

If the claim holder disagrees that the prepetition arrearage has been paid in full, states that the debtor is not current on all postpetition payments, or states that fees, charges, expenses, escrow, and costs are due and owing, it must attach an itemized payment history disclosing the following amounts from the date of the bankruptcy filing through the date of this response:

- all prepetition and postpetition payments received;
- the application of all payments received;
- all fees, costs, escrow, and expenses that the claim holder asserts are recoverable against the debtor or the debtor's principal residence; and
- all amounts the claim holder contends remain unpaid.

## Part 5: Sign Here

**The information provided within the response is effective as of 09/01/2026. Figures and representations provided reflect the status as of the effective date and may not account for more recent activity

The person completing this response must sign it. Check the appropriate box:

☐ I am the claim holder.

☒ I am the claim holder's authorized agent.

**I declare under penalty of perjury that the information provided in this response is true and correct to the best of my knowledge, information, and reasonable belief.**

✘ /s/ Maggie Soboleski  Date September 16, 2026
Signature

Name: Maggie Soboleski
First name  Middle name  Last name

Title: Attorney for Secured Creditor

Company: KML Law Group, P.C.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 701 Market Street, Suite, 5000
Number  Street

Philadelphia  PA  19196
City  State  ZIP Code

Contact phone (215) 627-1322  Email bkgroup@kmllawgroup.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:**<br>**Vernon Renner Fischer dba VRF Architect**<br>**Lynne R. Schmehl-Fischer**<br>**Debtor(s)**<br><br>**PNC Bank National Association**<br>**Movant**<br>**vs.**<br><br>**Vernon Renner Fischer dba VRF Architect**<br>**Lynne R. Schmehl-Fischer**<br>**Debtor(s)**<br><br>**Jack N. Zaharopoulos**,<br>**Trustee** | **BK NO. 21-02347**<br><br>**Chapter 13**<br><br>**Related to Claim No. 8** |

## CERTIFICATE OF SERVICE

I, Maggie Soboleski of KML Law Group, P.C., certify that I am, and at all times hereinafter mentioned was, more than 18 years of age and that on September 22, 2026, I served the above captioned pleading, filed in the proceeding on the parties at the addresses shown below;

Debtor(s)
Vernon Renner Fischer dba VRF Architect
403 Poplar Street
Richland, PA 17087

Lynne R. Schmehl-Fischer
403 Poplar Street
Richland, PA 17087

Attorney for Debtor(s) (via ECF)
Gary J. Imblum
Imblum Law Offices, P.C.
4615 Derry Street
Harrisburg, PA 17111

Trustee (via ECF)
Jack N. Zaharopoulos
Standing Chapter 13 (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Method of Service: electronic means or first-class mail

Dated: September 22, 2026

**/s/ Maggie Soboleski**
Maggie Soboleski
Attorney I.D. 88268
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106
215-627-1322
MSoboleski@kmllawgroup.com

**KML LAW GROUP, P.C.**
**701 Market Street**
**Suite 5000**
**Philadelphia, Pa 19106-1532**
**www.kmllawgroup.com**

September 1, 2026

Vernon Renner Fischer
Lynne R. Schmehl-Fischer
403 Poplar Street
Richland, PA 17087

THIS LAW FIRM MAY BE CONSIDERED A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.

IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.

RE: Mortgage Company: PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION
Loan No: [redacted]
Name: Vernon Renner Fischer and Lynne R. Schmehl-Fischer
Property Address: 403 Poplar Street, Richland, PA 17087

# PAYOFF AMOUNT

This letter responds to your request for a payoff of the above referenced loan.

In connection with the above-captioned matter, the amount required to **PAYOFF** the outstanding loan balance including foreclosure costs and counsel fees is **$101,914.73** effective through **September 1, 2026**.

It is possible that additional expenditures may be incurred by either the mortgage company or this firm in the interim period between the time these figures are generated and the time funds are tendered. We strive to avoid such expenditures to allow sufficient time to tender payment; but at times, such expenditures are unavoidable. In this event, only the FULL amount due will be accepted.

**Property Inspections Explained:**

Inspection fees may be charged to your account by your lender for monthly inspections performed in accordance with the terms of the mortgage and the guidelines.

| | |
|---|---|
| Principal Balance due | $102,102.65 |
| Interest | $ 0.00 |
| Minus Suspense | $ <187.92> |
| TOTAL AMOUNT DUE MORTGAGE COMPANY | **$101,914.73** |

**The payoff provided in connection with PNC's Response to the instant Trustee Notice of Disbursements Made, is solely for purposes of the Response itself, pursuant to Bank. Rule 3002.1 and is not intended for use beyond the specific date of PNC's Response. Any attempt to pay off the subject loan pursuant to PNC's Response, will require the issuance of a new/updated payoff statement in response to an actual payoff request for purposes of paying the loan in full.